UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OSCAR RANGEL JR, MARK GAUNA, <br> And RUBEN RAMIREZ, <br> Individually and On Behalf <br> Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CASE & ASSOCIATES PROPERTIES, INC. <br> D/B/A CASE PROPERTIES, INC., <br><br> Defendant. | § § § § § § § § § § § § § § | Cause No. 3:17-cv-00057 |

**PLAINTIFFS' ORIGINAL COMPLAINT –
COLLECTIVE ACTION**

Plaintiff OSCAR RANGEL JR, MARK GAUNA, and RUBEN RAMIREZ, Individually and On Behalf of All Others Similarly Situated ("Plaintiffs" and "Class Members" herein), complain of CASE & ASSOCIATES PROPERTIES, INC. D/B/A CASE PROPERTIES, INC. (herein after referred to as "Defendant" or "Case Properties") and show as follows:

## I. NATURE OF SUIT

1. The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay its employees at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

3. Plaintiff Thomas Boland is a non-exempt employee who has been denied overtime compensation owed to them as required by the law. Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 & 1343.

5. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District and exists as detailed in 28 U.S.C. §1391.

## III. PARTIES

6. Plaintiff Oscar Rangel Jr. is a resident of El Paso, Texas. His written consent to this action is attached as Exhibit "A".

7. Plaintiff Mark Gauna is a resident of El Paso, Texas. His written consent to this action is attached as Exhibit "B".

8. Plaintiff Ruben Ramirez is a resident of El Paso, Texas. His written consent to this action is attached as Exhibit "C".

9. The Plaintiffs and Class Members are all of the Defendant's current and former "Maintenance Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors" for the Defendant – regardless of pay structure – who worked for Defendant.

10. Defendant Case & Associates Properties, Inc. D/B/A Case Properties, Inc. is an

Oklahoma corporation and may be served with process by serving its registered agent National Corporate Research, Ltd. or any other authorized officer or agent therein at 1601 Elm Street, Suite 4360, Dallas, Texas 75201 and/or where ever may be found.

## IV. COVERAGE

11. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

12. Defendant is an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of § 3(r) of the FLSA, 29 U.S.C. 203(r).

14. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Defendant has had, and continues to have, an annual gross income of business done of not less than $500,000.

16. At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTUAL BACKGROUND

17. Defendant conducts business in El Paso, Texas. The primary job duties of the "Maintenance Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors" are the same. Plaintiffs and Class Members worked as "Maintenance Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors", but essentially performed duties relating to installing, repairing, and maintaining apartments at Defendant's complexes. Specifically, "Maintenance

Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors" were required to work off "off-the-clock." They were all non-exempt and were paid hourly. They were and are treated as nonexempt. They were supposed to be paid for all hours worked. Plaintiffs were not paid for travel time to and from a maintenance call location and were not paid for the actual time worked at the location or overtime.

18. Plaintiffs and similarly situated "Maintenance Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors" worked daily without proper compensation. Lastly, Defendant did not adequately keep track of Plaintiffs' work hours, even though Plaintiffs were non-exempt employees for overtime purposes.

19. Plaintiffs have not been paid as time and one-half their regular rate for hours worked in excess of forty hours in a workweek. Class members have also been paid at an hourly rate of pay but denied pay for hours worked over forty. Either way, Plaintiffs and Class Members have been expected to work more than 40 hours a week on average and have not been given overtime pay for hours worked over 40 in a workweek.

20. Defendant has known the FLSA was applicable to its employees, yet it has intentionally refused to pay overtime. In fact, Plaintiffs and Class Members were routinely instructed or suffered to work more than 40 hours per workweek but were not compensated. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is a willful violation of the FLSA. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs have actually knowledge that Class Members have also denied overtime pay for hours worked over forty hours in a week.

22. Named Plaintiffs have actual knowledge that Class members have also been denied overtime pay for hours worked over forty in a week.

23. Defendant suffer, permit, and/or require Class Members to work in excess of forty hours per week.

24. Defendant has improperly denied Class Members compensation for their hours worked over forty.

25. Defendant and Class Members perform the same or similar work in the provision of services to Defendant's clients and/or tenants.

26. Plaintiffs and Class members regularly work in excess of forty hours during a workweek.

27. The Class Members are similar to Plaintiffs in the denial of overtime pay when required to work over forty hours in a workweek.

28. Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and do not depend on the personal circumstances of the Class Members.

29. Plaintiffs' experiences are typical of the experience of Class Members.

30. Plaintiffs' experiences are typical of the experience of Class Members.

31. The specific job titles or precise job titles of each Class Members do not prevent collective treatment.

32. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of forty during a workweek.

33. Although the issue of damages may be individual in character, there remains a

common nucleus of liability facts.

34. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All of Defendant's current and former "Maintenance Technicians," "Lead Maintenance Technicians," and "Maintenance Supervisors" in El Paso, Texas – regardless of pay structure – working from February 1, 2014 to the present.**

## VII. CAUSE OF ACTION FOR COLLECTIVE CLASS ACTION

35. Plaintiffs re-allege and incorporate by reference the facts asset forth above.

36. Defendant violated 29 U.S.C. 207(a) by failing to pay Plaintiffs and Class members time and one-half the regular rate of pay for all hours worked in excess of 40 hours during a workweek.

37. Defendant did not adequately keep track of Plaintiffs' work hours, even though Plaintiffs were non-exempt employees for overtime purposes as outlined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

38. Plaintiffs and Class members have been damaged by these violations of 29 U.S.C. 207(a).

39. Defendant's violations of U.S.C. 207(a) were repeated, willful and intentional.

40. Plaintiffs and the Class members are entitled to an amount equal to all their unpaid regular and overtime wages as liquidated damages. 29 U.S.C. 216(b).

41. Additionally, Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. 216(b).

## VIII. PRAYER FOR RELIEF

42. Wherefore, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiffs' actual damages;

b. Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rate;

c. All unpaid wages and overtime compensation;

d. Judgment against Defendant for liquidated damages for the maximum amount allowed by law;

e. Compensatory damages, emotional distress and punitive damages. 29 U.S.C. 215(a)(3).

f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g. Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

h. The award of such and further relief, both at law and in equity, to which Plaintiffs and Class Members may be justly entitled.

Respectfully Submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By: */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com