CONFIDENTIAL SETTLEMENT AGREEMENT
AND RELEASE IN FULL OF ALL CLAIMS

This Confidential Settlement Agreement and Release in Full of All Claims ("Agreement") is made and entered into this _28th_ day of _March_, 2018, by and between Oscar Rangel, Jr. ("Plaintiff") and Case & Associates Properties, Inc. ("Case & Associates").

WHEREAS, on February 27, 2017, Plaintiff filed a lawsuit against Case & Associates, styled *Oscar Rangel, Jr., Mark Gauna, and Ruben Ramirez, individually and on behalf of all others similarly situated, Plaintiffs, v. Case & Associates Properties, Inc., d/b/a Case Properties, Inc., Defendant*, United States District Court for the Western District of Texas, El Paso Division, Case No. 3:17-CV-00057 (the "Lawsuit"); and

WHEREAS, it is the desire of Plaintiff on the one hand, and Case & Associates on the other, to settle the claims against Case & Associates in the Lawsuit, as well as any and all claims, actions, liabilities, demands, or damages, known or unknown, which Plaintiff has, had, or may have against Case & Associates.

NOW, THEREFORE, in consideration of the following mutual covenants and promises, the parties agree as follows:

1.      Obligations of Case & Associates. In consideration of the promises made and the execution of this Agreement by Plaintiffs, Case & Associates agrees to pay to or for the benefit of Plaintiff the total sum of Two Thousand Four Hundred Thirty-Three Dollars and Thirty-Four Cents ($2,433.34), less applicable withholdings ("Settlement Payment"), payable as follows:

a.      Check payable to Plaintiff. in the amount of One Thousand Seven Hundred Dollars ($1,700.00), less applicable withholdings; and

b.      Check payable to Martinez & Martinez Law Firm in the amount of Seven Hundred Thirty-Three Dollars and Thirty-Four Cents ($733.34).

1

The parties stipulate and agree that no other money is owed by Case & Associates to Plaintiff or his attorneys on any obligation of any type. Plaintiff acknowledges and agrees that Case & Associates has made no representations regarding the tax consequences of the money paid pursuant to this Agreement. Plaintiff agrees that he will pay any and all state or federal taxes which may be due by virtue of the payment reflected in this Agreement. Plaintiff agrees to hold Case & Associates completely harmless and to fully defend and indemnify Case & Associates for any taxes, penalties, fines, assessments, and other tax liabilities (plus costs and expenses, including attorneys' or accountants' fees), if any, claimed by any taxing authority as a result of Plaintiff's receipt of the Settlement Payment.

    2.    <u>Obligations of Plaintiff</u>: In consideration of the promises made and the payment of the Settlement Amount set forth above, Plaintiff hereby agrees as follows:

    a.    Plaintiff will direct his attorneys to immediate file a Stipulation of Dismissal with Prejudice of the Lawsuit, and withdraw or dismiss any and all other claims they now have pending any other state or federal agency against Case & Associates or any of the Released Parties, as defined in subparagraph b. below.

    b.    Plaintiff, on behalf of himself, and his family, heirs, successors and assigns, hereby fully and forever relieves, releases, and discharges Case & Associates, and its respective agents, representatives, owners, stockholders, past, present and future officers, directors, managers, supervisors and employees, parent companies, subsidiaries, operating units, divisions, insurers, and attorneys; and their respective predecessors, successors, and assigns (the "Released Parties), from all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, expenses, damages, actions, and causes of action, whether in law or in equity, whether asserted or unasserted in the Lawsuit, known or unknown, suspected or unsuspected, including, but not limited to, any and all claims pursuant to the Fair Labor Standards Act (42 U.S.C. § 201, *et seq.*), ***except Plaintiff does not relieve, release, or discharge Case & Associates from, or***

*otherwise waive, any claim for retaliation under the FLSA (specifically those claims set out in Rangel Jr. v. Case & Associates Properties, Inc, D/B/A Case Properties, Inc.; EP:18-CV-00076), however, Case & Associates reserves all defenses to any such claim and does not hereby admit to any liability or wrongdoing in relation to any such claim*; Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1983 and 1985); the Age Discrimination in Employment Act of 1967, as amended, and as further amended by the Older Workers Benefit Protection Act (29 U.S.C. § 621, *et seq.*); the Genetic Information Non-Discrimination Act of 2008; the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1001, *et seq.*), and as further amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 (29 U.S.C. § 1161, *et seq.*); the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et seq.*); the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*); the Uniformed Services Employment and Reemployment Rights Act of 1994 (38 U.S.C. § 4301, *et seq.*), including any state laws relating to payment of wages, and all other federal, state and local laws and regulations.

This release also includes, but is not limited to, a release for any claims for breach of contract, mental pain, suffering and anguish, emotional upset, impairment of economic opportunities, unlawful interference with employment rights, defamation, intentional or negligent infliction of emotional distress, fraud, wrongful termination, wrongful discharge in violation of public policy, breach of any express or implied covenant of good faith and fair dealing, and all other common law contract and tort claims, *except for those claims set out in Rangel Jr. v. Case & Associates Properties, Inc, D/B/A Case Properties, Inc.; EP:18-CV-00076*. This waiver and release applies to each of the Released Parties, both in their individual and corporate capacities. This waiver applies to any acts or omissions by the Released Parties, including all claims arising on or before the date of Plaintiff's execution of this Agreement. Plaintiff further

represents that there is no other person or entity that has any claims or cause of action against the Released Parties which arises out of the transactions or occurrences forming the alleged basis of the disputes between parties.

     c.     Plaintiff agrees to refrain from communicating, directly or indirectly, now or at any time in the future, whether in writing, orally or electronically, any untrue, disparaging or defamatory comments or statements concerning the Released Parties.

     d.     Plaintiff fully understands that by signing this Agreement, he is giving up all rights against the Released Parties related to these or any other claims or actions, including the right to seek lost wages and benefits; the right to seek liquidated, compensatory and punitive damages; and the right to seek costs of the action, including attorneys' fees. Plaintiff understands that, if he had proceeded, he might have recovered more than they are receiving by virtue of this Agreement and that he is knowingly relinquishing that right and all of the other rights referenced herein.

     e.     Plaintiff acknowledges and agrees that, before signing this Agreement and Release, they were given a period of 21 days in which to review and consider it; he has, in fact, carefully reviewed this Agreement and Release; and he is entering into it voluntarily and of his own free will.

     f.     Plaintiff acknowledges and agrees that if he signs this Agreement and Release before the end of the 21-day period that such early signing was completely voluntary, and he had reasonable and ample time in which to review this Agreement and Release.

     g.     Plaintiff acknowledges and agrees that he has had the opportunity to consult with an attorney prior to the execution of this Agreement and Release.

     h.     Plaintiff acknowledges and agrees that, for a period of seven (7) days after they sign this Agreement and Release, he has the right to revoke his acceptance by providing notice, in writing, to W. Kirk Turner, Newton, O'Connor, Turner & Ketchum, P.C., 15 West Sixth Street,

Suite 2700, Tulsa, Oklahoma, 74119-5423 (if by overnight delivery service or hand-delivery). This Agreement and Release will not become fully effective and enforceable until after the expiration of such seven (7) day revocation period and the Settlement Payment will not be made until after the expiration of the seven (7) day revocation period.

      i.      Plaintiff acknowledges and agrees that his acceptance of the Settlement Payment at any time more than seven (7) days after they sign this Agreement and Release confirms that he did not revoke his assent to this Agreement and Release and that it is fully effective and enforceable.

      j.      Plaintiff acknowledges and agrees that he is not waiving any rights or claims that may arise after this Agreement and Release has been signed by him.

      k.      Plaintiff hereby relinquishes any past, present or future employment rights, if any, with Case & Associates and, as a condition of this Agreement, will not ever apply for or otherwise seek employment with Case & Associates at any time in the future.

3.    Confidentiality: Plaintiff and his attorneys understand and agree that they will keep absolutely confidential and will not disclose to anyone the fact of settlement, the terms of this Agreement, the settlement of claims and the terms of the settlement of the claims, other than to the extent disclosure may be required to each's tax advisor or a court. Plaintiff and his attorneys understand and agree that confidentiality of the fact of settlement, the terms of this Agreement, the settlement of the claims, and the terms of the settlement of the claims is of the utmost importance to Case & Associates and an essential consideration in this Agreement. Plaintiff and his attorneys will not discuss with any person, except each other, tax advisor, or as directed by a court, the fact of settlement, the terms of this Agreement, the settlement of claims and the terms of the settlement of the claims.

4.    No Admission of Wrongdoing: The parties agree that this is a settlement of contingent and disputed claims by Plaintiff against Case & Associates. Case & Associates denies all allegations of improper or illegal conduct and denies that Plaintiff suffered any damages, injury, or loss. The

5

consideration extended by Case & Associates to Plaintiff shall never be construed as an admission of liability by Case & Associates to Plaintiff.

5.      <u>Valid Consideration</u>: The parties agree that the terms of this Agreement are supported by valid consideration and that the terms of this Agreement are contractual and not mere recitals. Plaintiff agrees that the Settlement Payment represents additional consideration beyond that to which he is entitled, and is sufficient consideration for his execution of this Agreement, including his release of claims against Case & Associates.

6.      <u>Governing Law</u>: The parties agree that the laws of the State of Texas shall govern in any action brought to enforce the terms of this Agreement or to seek damages for any alleged breach of this Agreement and venue shall lie exclusively in the United States District Court for the Western District of Texas.

7.      <u>Entire Agreement</u>: The parties agree that, through this Agreement, they have settled all disputes, controversies, and disagreements relating to any acts or omissions arising before the effective date of this Agreement and that this Agreement conclusively forecloses all types of adversarial action between them relating to any acts or omissions arising before the effective date of this Agreement. The parties agree that the terms of this Agreement represent their full and complete understanding regarding the settlement of their dispute. There is no other agreement, oral or written, except as specified herein, containing any obligation of one party to the other. The parties agree and acknowledge that in signing this Agreement, they have not relied upon and do not rely upon any representation or statement made by any of the parties or their agents, attorneys, or representatives with respect to the terms or effect of this Agreement, other than those specifically stated in this Agreement.

8.      <u>Severability</u>: Any clause, sentence, or provision of this Agreement, which is held by a court of competent jurisdiction to be invalid, illegal, or ineffective shall not impair, invalidate, or nullify the remainder of this Agreement. The effect of any such ruling shall be confined to the clause, sentence, or provision so held to be invalid, illegal, or ineffective.

9.    Representation by Counsel: The parties hereby state and agree that they have read this entire Agreement, that they have had the opportunity to consult with legal counsel regarding all provisions of this Agreement, that they have had a reasonable time to consider this Agreement prior to signing, that they understand the meaning and effect of all provisions of this Agreement, and that they are signing this Agreement as a free and voluntary act, without coercion or undue influence of any sort, and with full knowledge of the consequences of their signing.

10.    Counterparts: This Agreement may be executed in any number of counterparts, any of which shall be deemed to be an original and all of which shall be fully effective against all persons executing it.

12.    Effective Date: The parties agree that this Agreement shall be immediately binding and effective only upon the signature of Plaintiff.

OSCAR RANGEL, JR.

Oscar Rangel, Jr.

3 29 18
DATE

AGREED TO AND APPROVED BY:

Jonathan Baeza
Counsel for Plaintiff

CASE & ASSOCIATES PROPERTIES, INC.
("Case & Associates")

By:
Title: President

3/29/18
DATE

W. Kirk Turner
Counsel for Case & Associates Properties, Inc.

7